**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JAMES RIVER INSURANCE COMPANY,**<br><br>                 **Plaintiff,**<br><br>           v.<br><br>**RINELLA & RINELLA, LTD.,** an Illinois Corporation,<br>**BERNARD B. RINELLA, MARICAROL LACY,** and **KEMPER CASUALTY INSURANCE COMPANY,** an Illinois Corporation,<br><br>                 **Defendants.** | **Case No. 07 C 4233**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kemper Casualty Insurance Company's Motion for Abstention. For the reasons stated herein, the Motion is **denied**.

### I. BACKGROUND

This declaratory judgment action seeks to determine the obligations of insurers James River Insurance Company (hereinafter, "James River") and Kemper Casualty Insurance Company (hereinafter, "Kemper") with respect to an underlying state action filed against their insureds, Rinella & Rinella, Ltd., Bernard B. Rinella, and Maricarol Lacy (hereinafter, collectively, "the Rinella parties").

Bernard Rinella is a shareholder attorney of Rinella & Rinella, Ltd. and Maricarol Lacy is an associate attorney thereof. Terranova alleges that during their representation of Terranova in

divorce proceedings, Rinella and Lacy negligently failed to secure proper transfer of marital assets, concealed their prior relationship with opposing counsel, and concealed the existence of potential claims Terranova would have against the Rinella parties. Terranova filed suit against the Rinella parties in the Circuit Court of Cook County on April 20, 2005 ("the *Terranova* suit"), and the action is still being litigated. Kemper has been paying the defense costs of the Rinella parties in the *Terranova* suit, subject to a $50,000 deductible and a full reservation of rights. James River has denied any obligation to defend or indemnify the Rinella parties.

On July 26, 2007, Kemper filed a declaratory judgment complaint in the Circuit Court of Cook County ("the *Kemper I* suit"), seeking a declaration that James River has a duty to defend. James River filed the instant declaratory judgment complaint ("the *James River* suit") with this Court the following day, July 27, 2007. James River subsequently removed the *Kemper I* suit to federal court and Kemper dismissed the action voluntarily. Kemper then refiled its action in the Cook County Circuit Court on November 2, 2007 ("the *Kemper II* suit"), adding the Rinella parties as defendants. James River has filed a motion to dismiss in the *Kemper II* action, asking the state court to dismiss the complaint under 735 ILCS 5/2-619(a)(3) based on the existence of the duplicate action before this Court. The parties do not report any

progress in the *Kemper II* action beyond the filing of the complaint and James River's motion to dismiss. In the instant *James River* suit, an amended complaint has been filed; both Kemper and the Rinella parties have filed answers and counterclaims; limited discovery has taken place; and James River has filed its motion for summary judgment on the duty to defend issue.

## II. DISCUSSION

The parties argue extensively over whether the discretionary *Brillhart* standard or the *Colorado River* "exceptional circumstances" test should govern Kemper's motion for abstention. However, because the Court believes abstention would be inappropriate even under the discretionary *Brillhart* standard, it need not resolve the question of whether the more restrictive *Colorado River* standard should apply in a case such as this.

Under *Brillhart*, the district court is given considerable discretion in deciding whether to exercise jurisdiction over cases brought under the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (district court has "unique and substantial discretion); *A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n of St. Clair County, Illinois*, 921 F.2d 118, 120 (7th Cir. 1990) (district court has "wide discretion"). It is an abuse of that discretion, however, for a district court to abstain without first considering whether the declaratory judgment issues could be adequately heard in the pending state action. *See Brillhart v.*

*Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Indeed, most of the discretionary factors identified by the Supreme Court and Seventh Circuit focus simply on determining whether a pending state proceeding would provide a sufficient opportunity to raise and settle the issues raised in the declaratory judgment. *See Brillhart*, 316 U.S. at 495 (district court should consider the scope of the state proceeding, whether the federal issues can be satisfactorily adjudicated there, and whether any necessary parties have or can be joined); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995) (considerations include whether the declaratory suit presents a question distinct from the state court proceedings, whether the parties to the two actions are identical, and whether comparable relief is available to the plaintiff in another forum). As Kemper correctly points out, the Supreme Court has even warned that proceeding to declaratory judgment when a parallel suit is pending in state court might be uneconomical and could amount to "gratuitous interference." *Brillhart*, 316 U.S. at 495.

Yet the existence of a truly parallel state proceeding, by itself, does not necessarily dictate federal abstention. Rather, the fundamental inquiry that a district court should undertake is "whether the questions in controversy between the parties to the federal suit . . . can *better* be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495 (emphasis added). The Seventh Circuit recognized as much in *Zavalis*, when it included

the additional factor of whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation. *See Zavalis*, 52 F.3d at 692. Ultimately, the decision of jurisdiction should be made based not on presumptions, but on "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

Despite James River's arguments to the contrary, the Court agrees with Kemper that the actions here are substantially parallel. The parties to the two actions are identical. Both actions revolve around the same central issue: whether James River is obligated to defend the Rinella parties in the *Terranova* suit. Even the form and allegations of the *James River* and *Kemper II* complaints mirror each other, save the few operative disagreements of fact. James River's requests for more detailed rulings on how its potential obligations would be shared with Kemper are merely incidental to the overall question of the duty to defend and do not make the cases fundamentally different. The one significant point where the *James River* and *Kemper II* complaints do diverge is the question of James River's obligation to indemnify as well as defend. While this issue is of no small importance, there is no allegation by James River that it would be prevented from seeking a declaration on this issue in the state action. Nor is it clear

that the question of indemnity is ripe for adjudication. *See Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 127 (1992). The differences between the cases are therefore minimal, and the state action would seem to provide an adequate opportunity to settle all issues between the parties.

However, Kemper has not demonstrated, and the Court does not believe, that the issues before this Court would be *better* settled in the state declaratory action. Indeed, the *James River* action before this Court appears to be further along and better defined than the state court suit. Kemper and the Rinella parties have filed both their answers and counterclaims, limited discovery has taken place, and James River has already filed its motion for summary judgment on the duty to defend issue. All that appears to have happened in the state suit, by contrast, is the filing of Kemper's complaint and James River's motion to dismiss based on the instant duplicate suit. The instant action, therefore, would seem to be better able to satisfy the parties' mutual interest in speedy resolution of an insurer's duty to defend. *See Zavalis*, 52 F.3d at 697. To the extent any future answers and counterclaims in the *Kemper II* suit are more limited than in the instant case, the *James River* action could also prove more comprehensive and complete.

While the progress made in the instant suit may be neither dramatic nor definitive, Kemper fails to identify persuasive countervailing reasons why the action would be better settled in

the state court.  Beyond demonstrating that the *Kemper II* suit is a parallel action, Kemper makes only a conclusory allegation that "going forward with the instant declaratory action will merely amount to duplicative and piecemeal litigation as the pending *Kemper [II]* suit presents the same issues as the instant matter, not governed by federal law, between the same parties."  (Kemper Mot. for Abstention ¶ 17.)  Construed most generously, this brief statement raises only background concerns of federalism and unwarranted interference by federal courts in construing matters of state law.

However, the sole fact that the case involves questions of state law is not enough to justify abstention.  *Cf. Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir. 1982) ("[W]e are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-question case.").  This Court's diversity jurisdiction gives it the required experience and familiarity with Illinois state law to adjudge competently the dispute between the parties in this case.  (To the extent Kemper believes the state court is better able to interpret the insurance contracts at issue, it fails to even raise that argument.)  Nor is this a case involving unsettled questions of state law that are more appropriately determined by a state court in the first instance.

*Cf. St. Paul Fire & Marine Ins. Co. v. Land Title Services, Inc.*, 483 F.Supp.2d 745, 750 (E.D. Wis. 2007).

Retaining jurisdiction also poses no risk of gratuitous interference with state proceedings. Contrary to the state action pending in *Brillhart*, the state court in the *Kemper II* suit has not had the time nor occasion to extensively review and become familiar with the merits of the suit. Indeed, given James River's motion to dismiss the duplicate action under 735 ILCS 5/2-619(a)(3), it is likely that the state court will never reach the merits of the *Kemper II* complaint, thereby obviating any concerns about duplication of or interference with another court's review of the same issues. Nor is the instant suit likely to interfere with the underlying *Terranova* suit, since the duty to defend is usually judged based on the allegations of a complaint, not through extensive review of the facts in the underlying action. *See Zavalis*, 52 F.3d at 693-94; *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F2d 587, 590 (7th Cir. 1970).

In summary, the Court believes that it is able to proceed with the instant declaratory judgment without being vexatious or uneconomical. The suit is better prepared for speedy resolution in this Court and declaration of James River's obligations to defend or indemnify is unlikely to interfere with or duplicate the review of the state courts in either the *Kemper II* or *Terranova* suits. The Court therefore exercises its discretion to retain jurisdiction

over the instant declaratory judgment action and proceed to summary judgment on James River's duty to defend.

### III. CONCLUSION

For the reasons stated herein, Defendant Kemper Casualty Insurance Company's Motion for Abstention is **denied**.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

DATE:     March 5, 2008